**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4205-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CELSO LAREDO MADRIGAL, a/k/a
CELSO MADRIGAL-LAREDO,

    Defendant-Appellant.

_____

Submitted October 10, 2017 — Decided June 26, 2018

Before Judges Ostrer and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-06-1210.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 6, 2016 order, denying his

petition for post-conviction relief (PCR) without an evidentiary

hearing. Defendant argues his attorney pursued a "bizarre" trial strategy; did not communicate with him about the strategy before trial; and dissuaded him from accepting the State's plea offer in favor of pursuing the defense. Defendant contends the trial court should have ordered an evidentiary hearing. We reject defendant's arguments and affirm.

A jury found defendant guilty of third-degree possession of cocaine, and first-degree possession with intent to distribute it. N.J.S.A. 2C:35-10(a)(1), -5(a)(1), -5(b)(1). After merger, defendant was sentenced to a fifteen-year term with a seven-and-a-half-year parole bar. We detailed the facts in State v. Madrigal, No. A-2713-11 (App. Div. July 21, 2014) (slip op. at 2-4).

Relevant to this appeal is defense counsel's guns-instead-of-drugs trial strategy. As we discussed in our previous decision, defense counsel advanced a strategy that cast doubt on the State's proofs that defendant sold a confidential informant cocaine. Instead, counsel argued, and defendant testified, that the informant gave him cash to purchase guns, a task defendant never completed. Notably, defendant was not charged with gun-related offenses. Thus, if the jury accepted the defense theory, it would have resulted in an acquittal. The defense strategy was raised in concert with an entrapment defense, but the trial court declined

to charge the jury on the latter, finding the evidence did not support it.

We declined to consider on direct appeal defendant's contention that the guns-instead-of-drugs defense was, on its face, ineffective assistance of counsel. Id. at 7. We noted that the evidence was overwhelming that defendant sold almost ten ounces of cocaine to a confidential informant.[1] Id. at 6. The defense strategy provided an alternative explanation for the evidence presented. We noted that defendant offered no evidence regarding an alternative defense that may have been available, or his consultations with counsel. Id. at 7. Defendant rejected a plea offer of a ten-year-term with a thirty-month parole bar, although by that time, he had already served almost two years. Ibid. However, an immigration detainer was lodged against him. Ibid.

In denying defendant's petition, Judge James M. Blaney — who did not preside at the trial — found that defendant failed to establish a prima facie claim of ineffective assistance of counsel. Applying the first prong of the Strickland test, see Strickland v. Washington, 466 U.S. 668, 687 (1984), the judge found defendant

---

[1] The three transactions were videotaped. Although the recordings did not show the drugs or money exchanged, they depicted defendant and the informant engage in conversations consistent with the exchange or sale of something. The informant testified, along with the officers who supervised him.

failed to establish his attorney was deficient in raising the guns-instead-of-drugs defense. Judge Blaney explained that trial counsel engaged in a "legitimate, albeit unsuccessful, trial strategy to attack the credibility of the confidential informant." He also found, in view of the evidence the State presented, that defendant failed to establish it was reasonably probable the result would have been different had the defense pursued a different strategy. See ibid. (discussing second prong of test). Lastly, quoting State v. Marshall, 148 N.J. 89, 158 (1997), the court denied an evidentiary hearing, concluding it would "not aid the court's analysis . . . ."

On appeal, defendant raises one point for our consideration:

> POINT ONE
>
> MR. MADRIGAL IS ENTITLED TO AN
> EVIDENTIARY HEARING ON HIS CLAIM
> THAT HIS ATTORNEY RENDERED
> INEFFECTIVE ASSISTANCE OF COUNSEL.

We affirm, substantially for the reasons expressed by Judge Blaney in his cogent written opinion. We add the following brief comments.

We declined to reach defendant's claim of ineffective assistance of counsel on direct appeal because the defense appeared plausible and strategic, and defendant presented no competent evidence of his consultations with counsel, or any alternative

defenses he may have considered in the face of the compelling case against him. Defendant still has provided no competent evidence of his consultations with counsel, or the alternative strategy he would have pursued. Nor is there any competent evidence to support defendant's claims that his attorney did not adequately communicate with him, and steered him to reject the plea offer by telling him his case was "easy."

Defendant's pro se petition says nothing about these claims. Although defendant's counseled brief includes assertions on these topics, they lack any verification from defendant as to their truth. On this basis alone, defendant failed to present any evidence to support PCR, see R. 3:22-8 (requiring a verified petition in support of PCR), let alone a prima facie case that might warrant an evidentiary hearing, see R. 3:22-10(b) (stating a court should grant an evidentiary hearing only "upon the establishment of a prima facie case in support of" PCR, where "an evidentiary hearing is necessary to resolve the claims for relief").

In any event, defendant's claims lack merit. Defendant's claim he was not consulted about the guns-instead-of-drugs strategy is belied by his testimony in support of it. Furthermore, defense counsel referred to the strategy in defendant's presence in court, when discussing defendant's plan to testify. Defendant's

contention about plea offers is likewise belied by the record. At a pre-trial hearing, defense counsel stated he reviewed the plea offer with defendant numerous times, and advised defendant to accept it, because the case would be "difficult" to try. Defendant acknowledged those conversations, but was steadfast in his desire to go to trial.[2]

Instead of the guns-instead-of-drugs strategy, defendant argues his attorney should have focused on reasonable doubt, and the fact that the drugs and currency were not visible on the videotape. Even if that were a preferable strategy in hindsight — certainly, it could not have produced a worse result — trial counsel was not deficient in pursuing a strategy that provided an alternative explanation for what transpired between defendant and the informant. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." Strickland, 466 U.S. at 689. We are also unpersuaded that it was reasonably probable that an acquittal would have resulted from the trial strategy defendant now endorses.

---

[2] Inasmuch as an immigration detainer was already lodged against him, perhaps, defendant was motivated to go to trial, however unlikely an acquittal might have been, to avoid removal, rather than plead guilty and face the near certainty of that outcome. See Lee v. United States, ___ U.S. ___, 137 S. Ct. 1958, 1968-69 (2017) (stating that it is not "irrational" for a defendant facing deportation to reject a plea offer and take a chance at trial).

A-4205-15T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4205-15T4